Affirmed and Plurality and Concurring Opinions filed September 27, 2007








Affirmed and Plurality and Concurring Opinions filed September 27, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00612-CR

_______________

 

SALVADOR VIDAL MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                     
                                          

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 997,759

                                                                                                                                               


 

C O N C U R R I N G  O P I N I O N

 








Under the Sixth Amendment=s Confrontation Clause, testimonial
statements of certain witnesses cannot be admitted over a criminal defendant=s Confrontation Clause objection
unless the prosecution shows that (1) the witness is unavailable to testify and
(2) the defendant has had a prior opportunity to cross-examine the witness.[1] 
The Crawford court describes the category of witnesses to which this
rule applies in various, apparently synonymous, ways as (1) witnesses who do
not Aappear at trial,@[2] (2) Aabsent@ witnesses,[3]
(3) witnesses Aabsent from trial,@[4] (4) witnesses who do not Aappear[] for cross-examination at
trial,@[5] and (5) witnesses who are not Apresent at trial to defend [their
statements] or explain [them].@[6]  What witnesses fall within this
category? 

!         Only those witnesses who are not physically
present in the courtroom or in a nearby holding cell during trial?[7]


!         Only those witnesses who do not take the
witness stand at trial? 

!         Only those witnesses (a) who do not take the
witness stand at trial or (b) who take the witness stand at trial but assert a
valid privilege that permits them not to testify? 

!         Only those witnesses (a) who do not take the
witness stand at trial or (b) who take the witness stand at trial but refuse to
testify, whether or not they have a valid legal basis for their refusal? 

!         Only those witnesses (a) who do not take the
witness stand at trial or (b) who take the witness stand at trial but refuse to
testify after being ordered to do so by the trial court, whether or not they
have a valid legal basis for their refusal?[8]


!         Only those witnesses (a) who do not take the witness stand at
trial, (b) who take the witness stand at trial but refuse to testify after
being ordered to do so by the trial court, or (c) who take the witness stand at
trial but refuse to testify based on a valid legal privilege from testifying,
without being ordered to testify by the trial court? 








These are compelling and interesting
issues but ones this court need not decide to resolve this case.

Presuming, without deciding, that the
trial court erred in admitting into evidence  Ronald Flores=s statement, any error would be
harmless for the reasons aptly noted by the plurality.  See Tex. R. App. P. 44.2(a);  Davis v.
State, 203 S.W.3d 845, 852B56 (Tex. Crim. App. 2006).  Therefore, the court can and
should affirm the trial court=s judgment on this basis alone.[9]


 

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

Judgment rendered and Plurality and
Concurring Opinions filed September 27, 2007.

Panel consists of Justices Fowler,
Frost, and Edelman.* (Edelman, J., plurality)
(Fowler, J., concurring without an opinion).

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]           Crawford v. Washington, 541 U.S. 36,
53B54, 124 S. Ct. 1354, 1365, 158 L. Ed.2d 177 (2004).





[2]           Id., 541 U.S. at 54, 124 S. Ct. at
1365.





[3]           Id., 541 U.S. at 54, 124 S. Ct. at
1366.





[4]           Id., 541 U.S. at 59, 124 S. Ct. at
1369.





[5]           Id., 541 U.S. at 59, n.9, 124 S. Ct.
at 1369, n.9.





[6]           Id.





[7]           This rule has been rejected by several
courts.  See State v. Cox, 876 So.2d 932, 938B39 (La. Ct. App. 2004);  State v. Snowden, 867
A.2d 314, 330B33 (Md. 2005); see also Bratton v. State, 156
S.W.3d 689, 693B94 (Tex. App.CDallas
2005, pet. ref=d) (appearing to reject this rule); Wilson v. State,
No. 05-06-00788-CR, 2007 WL 2193347, at *3B5
(Tex. App.CDallas Aug. 1, 2007, pet. filed) (same as Bratton).






[8]           The Supreme Court of Indiana appears to
have adopted this rule.  See Fowler v. State, 829 N.E.2d 459, 470 (Ind.
2005).





[9]           Although the plurality states that it Aneed not reach a holding on error,@ it does so in a section entitled AError@ after making
statements regarding the merits of some of the error arguments.





*           Senior
Justice Richard H. Edelman sitting by assignment.